UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


ELSEY SANTIAGO AVELO,

     Plaintiff,

v.                                                                   Case No: 6:25-cv-2229-JSS-RMN

SAM'S EAST, INC.,

     Defendant.

_____/

## **ORDER**

Plaintiff, Elsey Santiago Avelo, moves to remand this matter to the Circuit Court of the Ninth Judicial Circuit in Orange County, Florida. (Dkt. 12.) Defendant, Sam's East, Inc., has not responded to the motion, and the time to do so has now passed. Upon consideration, for the reasons outlined below, the court grants the motion.

## **BACKGROUND**

Plaintiff slipped and fell in Defendant's store. (Dkt. 1-1 ¶ 7.) On July 22, 2025, she sued Defendant in state court, alleging that Defendant negligently maintained its premises by, among other things, leaving water on the floor without alerting guests to its presence. (*See id.* ¶ 10.) Four months later, Defendant removed this case to federal court, citing the court's diversity jurisdiction. (*See* Dkts. 1, 1-4.) Plaintiff now moves to remand this case to state court, arguing that Defendant did not remove this case within the time permitted by federal law. (*See* Dkt. 12.)

## APPLICABLE STANDARDS

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "A defendant seeking to remove a case to federal court bears the burden of establishing federal jurisdiction." *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1241 (11th Cir. 2013). To satisfy this burden, the removing defendant "must show that the plaintiff's complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294–95 (11th Cir. 2008).

Federal courts generally have original jurisdiction over two types of cases: federal question and diversity cases. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Federal question jurisdiction exists when an action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In contrast, diversity jurisdiction exists in civil actions between citizens of different states in which the amount in controversy exceeds $75,000. *See id.* § 1332(a).

Congress created the removal process to protect defendants. *Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005). Under 28 U.S.C. § 1446(b), a defendant may seek removal within thirty days of initial service if diversity jurisdiction exists on the face of the complaint. *See Hajdasz v. Magic Burgers, LLC*, 805 F. App'x 884, 888 (11th Cir. 2020) (citing 28 U.S.C. § 1446(b)(1)). If diversity is not initially present, but develops during the course of litigation, a "renewed removal window opens, but only for thirty

days" after receipt of an "amended pleading, motion, order[,] or other paper from which it may first be ascertained that the case is . . . removable." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 760 (11th Cir. 2010) (quoting 28 U.S.C. § 1446(b)(3)).

Federal courts are obligated to accept jurisdiction when a defendant properly removes a case to federal court. *See id.* at 766. That said, federal courts must also respect the state court's jurisdiction in a case that is not removable. *See id.*; *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." (citation omitted)); *Est. of Ayres v. Beaver*, 48 F. Supp. 2d 1335, 1339 (M.D. Fla. 1999) ("A federal district court must remand to the state court any case that was removed improvidently or without the necessary jurisdiction. Removal jurisdiction is limited through strict construction of the removal statutes." (quotation omitted)); *Beritiech v. Metro. Life Ins. Co.*, 881 F. Supp. 557, 559 (S.D. Ala. 1995) ("The court must construe removal jurisdiction narrowly to limit federal jurisdiction and prevent encroachment on the state court's right to decide actions properly before it, especially in diversity actions."). Consequently, the court must remand a case, despite having subject-matter jurisdiction, if the defendant does not file a timely notice of removal. *See Pretka*, 608 F.3d at 756.

## ANALYSIS

The court first analyzes whether it has jurisdiction. *Dyer v. Wal-Mart Stores, Inc.*, 535 F. App'x 839, 841 n.2 (11th Cir. 2013) (noting that district courts have an obligation to examine their jurisdiction sua sponte). The court then considers whether Defendant's notice of removal was timely.

### A. Diversity Jurisdiction

As discussed, diversity jurisdiction exists when the parties are citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Courts generally look to the complaint to determine whether diversity jurisdiction exists. *See Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983) ("Removability should be determined according to the plaintiff's pleading at the time of the petition for removal."). When jurisdiction is not "facially apparent from the complaint, the court should look to the notice of removal." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Pretka*, 608 F.3d at 754 ("If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed."). Indeed, "[w]here the pleadings are inadequate, [courts] may review the record to find evidence that diversity jurisdiction exists." *Williams*, 269 F.3d at 1319.

To begin, the amount in controversy requirement appears satisfied, as Plaintiff seeks more than $150,000 in damages. (*See* Dkt. 1-25 at 4 ("Plaintiff has incurred past

medical expenses. The known total to date is $151,712.31."); *see also* Dkt. 1-3 at 1–2 (admitting that Plaintiff's damages exceed $75,000).)  Generally, it is enough that the plaintiff claims a sufficient sum in good faith, absent facts demonstrating to a legal certainty that the amount at issue is less than the jurisdictional amount.  *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) ("A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith."); *see Pretka*, 608 F.3d at 754 ("[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.  The law does not demand perfect knowledge or depend any less on reasonable inferences and deductions than we all do in everyday life.").  Because Plaintiff claims to have damages exceeding $150,000, and neither party has presented evidence to suggest otherwise, the amount in controversy requirement appears satisfied.  (*See* Dkts. 1, 12.)

Next, complete diversity exists where "no plaintiff is a citizen of the same state as any defendant."  *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). Natural persons, like Plaintiff, are citizens "of the state in which [they] are domiciled," which is the state where they reside and intend to remain.  *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021).  Corporations, like Defendant, are citizens of the state in which they are incorporated and the state where their principal place of business is located.  *ECB USA, Inc. v. Chubb Ins. Co. of N.J.*, 113 F.4th 1312, 1318 (11th Cir. 2024).

Plaintiff admits that she is a citizen of Florida. (*See* Dkt. 1-3 at 1–2.) Although the complaint does not allege any facts concerning Defendant's citizenship, (*see* Dkt. 1-1), the notice of removal alleges that Defendant is a citizen of the State of Arkansas, (*see* Dkt. 1 ¶ 10 ("At all times material to this lawsuit, [Defendant] was and is incorporated in the State of Arkansas, and its principal place of business was and is Bentonville, Arkansas."). *See ECB USA, Inc.*, 113 F.4th at 1318. Because the parties are citizens of different states and the amount in controversy exceeds $75,000, the court is satisfied that it has jurisdiction.

## B. Timeliness of Removal

For removal to be proper, the notice of removal must be timely filed. *See Hunt v. Nationstar Mortg., LLC*, 782 F. App'x 762, 769 (11th Cir. 2019). The timeliness of removal turns on when the defendant first received notice that the case was removable. *See Hajdasz*, 805 F. App'x at 888 (citing 28 U.S.C. § 1446(b)(1), (3)). Here, the parties agree that federal jurisdiction does not appear on the face of the complaint. (*See* Dkt. 1 ¶ 4; Dkt. 12.) Instead, the parties point to documents from the state court proceedings, which they believe triggered the removal period.

Defendant argues that the removal period ran from October 20, 2025, to November 19, 2025. (*See* Dkt. 1.) It argues that the removal period began on October 20, 2025, when it received Plaintiff's response to its first request for admissions, because that document provided the first indication that Plaintiff's damages exceeded $75,000. (Dkt. 1 ¶¶ 4–5, 7, 26; *see* Dkt. 1-3 at 1–2 (admitting that Plaintiff's damages

exceed $75,000); *see also* Dkt. 1-1 ¶ 1 (stating only that Plaintiff's damages exceed $50,000).) Plaintiff disagrees. (*See* Dkt. 12.) She contends that Defendant's notice of removal was untimely, as Defendant first learned that her damages exceeded the jurisdictional threshold more than two months earlier, when it received her initial disclosure. (*See id.* at 2–3; *see also* Dkt. 1-2 at 1 (stating that Defendant was served on August 1, 2025, with, among other things, Plaintiff's initial disclosures); Dkt. 1-5 at 1 (showing that Plaintiff filed her notice of servicing her initial discovery disclosures on August 5, 2025); Dkt. 1-23 ¶ 2 (admitting that Defendant was served with process on August 1, 2025, at which time it also received Plaintiff's initial disclosures).) Therein, Plaintiff stated that she had already incurred more than $150,000 in medical expenses. (*See* Dkt. 1-25 at 4.) Accordingly, Plaintiff argues that the removal period ran from August 1, 2025, to September 1, 2025, closing more than two months before Defendant filed its notice of removal. (*See* Dkt. 12 at 3.) The court agrees with Plaintiff.

Plaintiff's initial disclosures were sufficient to trigger the removal window, as they were part of the state court record and contained "a clear statement of [her] damages." *See Clark v. Unum Life Ins. Co. of Am.*, 95 F. Supp. 3d 1335, 1354 (M.D. Fla. 2015) ("[A] later [filed] paper will trigger the deadlines in Section 1446(b) if it includes a clear statement of the damages sought." (alteration adopted and quotation omitted)); 28 U.S.C. § 1446 (c)(3)(A) ("[I]nformation *relating to the amount in controversy in the record of the [s]tate proceeding*, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." (emphasis added)). (*See* Dkt. 1-23 ¶ 2; Dkt. 1-25 at 4.)

Indeed, courts have repeatedly held that a plaintiff's initial disclosures may show that the amount in controversy requirement is satisfied. *See Ramos v. Walmart Stores E., L.P.*, No. 8:25-CV-3521-WFJ-CPT, 2026 WL 194220, at *2 (M.D. Fla. Jan. 26, 2026) (determining that a defendant was "on notice that the amount in controversy exceeded $75,000," and was therefore removable, when it received the plaintiff's initial disclosures, which stated that the plaintiff had accrued several hundred thousand dollars in medical expenses); *Karen Brown v. Cracker Barrel Old Country Store, Inc.*, No. 3:25-CV-698-WWB-MCR, 2025 WL 3900700, at *2 (M.D. Fla. Nov. 7, 2025) (concluding that a defendant had shown that the amount in controversy exceeded $75,000 by reference to the plaintiff's initial disclosures, which showed the plaintiff had accrued medical expenses of more than $100,000); *Guite v. State Farm Mut. Auto. Ins. Co.*, No. 2:25-CV-461-JES-KCD, 2025 WL 2109252, at *2 (M.D. Fla. July 29, 2025) (finding that a defendant carried its burden to show that the amount in controversy exceeded $75,000 by reference to plaintiff's initial disclosures, which reflected more than $150,000 in past medical bills and expenses); *Gerald v. Garrison Prop. & Cas. Ins. Co.*, No. 2:25-CV-254-SPC-NPM, 2025 WL 1222528, at *1 (M.D. Fla. Apr. 28, 2025) (concluding that service of a plaintiff's initial disclosures, outlining accrued medical expenses of more than $75,000, was sufficient to alert the defendant that the case had become removable).

Defendant admits receiving Plaintiff's initial disclosures on August 1, 2025. (Dkt. 1-23 ¶ 2; *see* Dkt. 1-2.)  Notably, Defendant does not contend that this document failed to show that the case was removable.  (*See* Dkt. 1.)  Nor does Defendant explain

why it could not have ascertained that the case was removable at that time. (*See id.*) Because Plaintiff's initial disclosures provided sufficient information for Defendant to ascertain that the case was removable on August 1, 2025, *see Clark*, 95 F. Supp. 3d at 1354, Defendant had until September 1, 2025, to file its notice of removal, *see Hajdasz*, 805 F. App'x at 888 (quoting 28 U.S.C. § 1446(b)(3)). Yet Defendant did not file its notice of removal until November 19, 2025. (*See* Dkt. 1.) This case must therefore be remanded to state court. *See Pretka*, 608 F.3d at 756, 760 (explaining that removal is "both permitted *and required* 'as soon as the action assumes the shape of a removable case.'" (emphasis in original) (quoting *Powers v. Chesapeake & O. R. Co.*, 169 U.S. 92, 101 (1898)).

## CONCLUSION

Accordingly, Plaintiff's motion to remand this case to state court (Dkt. 12) is **GRANTED**. The Clerk is **DIRECTED** to remand the case to the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, Civil Division; to forward a certified copy of this order to that court; to terminate any motions and deadlines pending in this case; and to close the case file.

**ORDERED** in Orlando, Florida, on April 2, 2026.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record